# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:15-CR-216 |
| NOAH RONTE GLADSTONE, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 20, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Chris Eason.

Noah Ronte Gladstone was sentenced on October 16, 2016, before The Honorable Amos L. Mazzant, III, of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. Noah Ronte Gladstone was subsequently sentenced to 30 months of imprisonment, followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On July 6, 2018, Noah Ronte Gladstone completed his period of imprisonment and began service of the supervision term.

On May 1, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 60, Sealed].  The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) The Defendant shall refrain from any unlawful use of a controlled substance; (2) The Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (3) The Defendant shall answer truthfully all inquiries by the probation officer and follows the instructions of the probation officer; (4) The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (5) The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer.  The Defendant shall pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) On October 30, 2018, Noah Gladstone submitted a urine specimen that tested positive for marijuana, methamphetamine, and amphetamine.  The specimen was confirmed positive by Alere Laboratories.  On November 5,2018, Noah Gladstone submitted a urine specimen that tested positive for marijuana, methamphetamine, and amphetamine.   The specimen was confirmed positive by Alere Laboratories; (2) Noah Gladstone failed to submit a monthly report for the month of March 2019; (3) On October 26, 2018, Noah Gladstone was untruthful with the probation officer when he denied any recent drug usage; (4) Noah Gladstone failed to notify the probation officer of his contact with Sherman Police Department on September 18, 2018; and (5) Noah Gladstone failed to report to On Scene Drug Screens to submit a urine specimen on the following dates: November 14, 2018; December 11, 2018; December 28, 2018; January 7, 2019; January 31, 2019; March 12, 2019; March 15, 2019; March 26, 2019; March 29, 2019; April 3, 2019; April 19, 2019; April 22, 2019;

and April 25, 2019. Noah Gladstone failed to participate in the random drug testing program by failing to call the drug testing line on numerous occasions between November 4, 2018, and April 26, 2019. Noah Gladstone failed to attend substance abuse counseling at Texoma Counseling Associates on the following dates: November 6, 2018; December 28, 2018; December 31, 2018; and March 16, 2019. Noah Gladstone was unsuccessfully discharged from substance abuse counseling on March 16, 2019. Noah Gladstone was unsuccessfully discharged from a substance abuse course with ACCI LifeSkills, Inc. on April 24, 2019.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations three (3), four (4), and five (5) of the Petition. The Government will dismiss allegations one (1) and two (2) of the Petition. Having considered the Petition and the plea of true to allegations three (3), four (4), and five (5), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## <u>RECOMMENDATION</u>

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, followed by twenty-six (26) months of supervised release. The Court recommends that the following special conditions be reimposed:

(1) You must provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

(2) You must participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. You must pay any cost associated with treatment and testing.

The Court recommends the addition of the following special condition:

(3) You must participate in an inpatient treatment program for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the South Texas area, if appropriate.

**SIGNED this 3rd day of June, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE