IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §    CRIMINAL NO. 4:15CR216 |
| | § |
| NOAH RONTE GLADSTONE | § |
| | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 22, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by William Tatum.

On October 18, 2016, Defendant was sentenced by the Honorable Amos L. Mazzant, III, United States District Judge, to a sentence of thirty months imprisonment followed by a three year term of supervised release for the violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. Defendant's supervision was revoked on June 4, 2019, and Defendant was sentenced to eight months imprisonment followed by twenty-six months supervised release. Defendant's supervised release commenced on January 14, 2020.

On July 15, 2020, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 77). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant must participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation office, until such time as Defendant is released from the program by the probation officer. Defendant must pay any cost associated with treatment and testing; and (2) Defendant must submit to one drug test within

fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *See* Dkt. 77.

The Petition asserts Defendant violated these conditions because: (1) Defendant failed to attend substance abuse treatment on February 8, 2020; June 1, 2020; June 8, 2020; and June 10, 2020. Defendant was unsuccessfully discharged from the treatment program for failure to participate; and (2) Defendant failed to report to On Scene Drug Screens in Sherman, Texas, to submit a urine specimen on March 19, 2020; March 24, 2020; April 25, 2020; May 22, 2020; June 13; 2020; and June 30, 2020.

At the hearing on September 22, 2020, Defendant entered a plea of true to violation of allegations one and two (1, 2).  Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, having considered the arguments presented at the September 22, 2020 hearing, the Court recommends Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months, followed by a term of four (4) months detention in a halfway house. If space is not available in a halfway house, the Court recommends Defendant be placed on home detention at a residence approved in advance by the supervising officer for a term of four (4) months following release from the Bureau of Prisons. After Defendant spends the term of four (4) months in either a halfway house or on home detention, the Court recommends Defendant serve a term of eighteen (18) months supervised release with the previously imposed conditions.

**So ORDERED and SIGNED this 22nd day of September, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE